UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

SUSAN M. BORN,

    Plaintiff,

v.

OPTIMUM OUTCOMES, INC.,

    Defendant.

_____/

# COMPLAINT
# JURY DEMAND

1. Plaintiff alleges violation Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

## JURISDICTION AND VENUE

2. Regarding the TCPA claim, this Court has jurisdiction under 28 U.S.C. §§1331. *Mims v. Arrow Fin. Servs. LLC,* 132 S. Ct. 740 (U.S. 2012); 2012 U.S. LEXIS 906 (U.S. 2012). Regarding the FDCPA claim, this Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and because Defendant placed telephone calls into this District.

## PARTIES

3. Plaintiff, SUSAN M. BORN, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, OPTIMUM OUTCOMES, INC., is corporation formed under the laws of the State of Illinois and citizen of the State of Illinois with its principal place of business at Suite 500, 2651 Warrenville Road, Downers Grove, Illinois 60515.

5. Defendant is registered with the Florida Department of State Division of Corporations as a foreign corporation. Its registered agent for service of process is Corporation Service Company, 1201 Hayes Street, Tallahassee, Florida 32301.

6. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

7. Defendant regularly collects or attempts to collect debts for other parties.

8. Defendant is a "debt collector" as defined in the FDCPA.

## FACTUAL ALLEGATIONS

9. Plaintiff's physician referred Plaintiff to Holy Cross Hospital for medical testing regarding her own personal medical care.

10. Prior to allowing any medical testing, Plaintiff verified with Holy Cross Hospital that it would accept her health insurance for payment of the expected charges.

11. Holy Cross Hospital confirmed that it would accept Plaintiff's health insurance and she proceeded with the testing.

12. Holy Cross Hospital accepted Plaintiff's health coverage for full payment of the charges and obtained payment from Plaintiff's health insurance carrier.

13. Plaintiff's medical condition required regular check-ups with her physician and medical testing with each check-up.

14. After to her initial visit to Holy Cross Hospital, Plaintiff was subsequently referred to Holy Cross Hospital for additional testing for the same condition.

15. Holy Cross Hospital did not inform Plaintiff of any change to its billing practices or insurance acceptance prior to this subsequent visit.

16. Plaintiff then received a bill for the subsequent visit from Holy Cross Hospital.

17. Plaintiff questioned Holy Cross Hospital as to why her visit was not covered by her insurance as it had been before.

18. Holy Cross Hospital stated that it had discontinued accepting Plaintiff's health insurance.

19. Plaintiff informed Holy Cross Hospital that it should have told her before she incurred additional charges that it was no longer accepting her coverage, as it had before, as she would have used a different medical testing service that did accept her coverage and that she refused to pay the alleged debt and for Holy Cross Hospital to stop calling her to collect the alleged debt.

20. Holy Cross Hospital thereafter referred the alleged debt to Defendant for collection.

21. Defendant, or others acting on its behalf, left the following pre-recorded messages on Plaintiff's voice mail on her cellular telephone on or about the dates stated:

**August 25, 2016 – Pre-recorded message**

Hello. This message is for Susan Born. Once again, this is a message for Susan Born. If you are not Susan Born, please hang up or disconnect immediately. If you are Susan Born, please continue to listen to this message. [music] By continuing to listen to this message, you acknowledge that you are Susan Born. This is Optimum Outcomes, Inc. We are a debt collector. This call is an attempt to collect a debt and any information obtained will be used for that purpose. Please return our call at 877-795-9819. Again, that number is 877-795-9819. Thank you.

**September 2, 2016 – Pre-recorded message**
Hello. This message is for Susan Born. Once again, this is a message for Susan Born. If you are not Susan Born, please hang up or disconnect immediately. If you are Susan Born, please continue to listen to this message. [music] By continuing to listen to this message, you acknowledge that you are Susan Born. This is Optimum Outcomes, Inc. We are a debt collector. This call is an attempt to collect a debt and any information obtained will be used for that purpose. Please return our call at 877-795-9819. Again, that number is 877-795-9819. Thank you.

**September 13, 2016 – Pre-recorded message**
Susan Born. If you are not Susan Born, please hang up or disconnect immediately. If you are Susan Born, please continue to listen to this message. [music] By continuing to listen to this message, you acknowledge that you are Susan Born. This is Optimum Outcomes, Inc. We are a debt collector. This call is an attempt to collect a debt and any information obtained will be used for that purpose. Please return our call at 877-795-9819. Again, that number is 877-795-9819. Thank you.

22.   In addition to the foregoing messages, Defendant placed other automated telephone calls to Plaintiff's cellular telephone, totaling in excess of 20 such calls.

23.   The messages are "communications" as defined by 15 U.S.C. §1692a(2). See _Berg v. Merchs. Ass'n Collection Div._, Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

24.   Plaintiff had not consented to Defendant's automated calls to her cellular telephone as she had revoked any such consent prior to Defendant's initiation of its calling campaign.

25. The 11th Circuit has recognized the right to revoke consent to automated calls via notice to the original creditor. See *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. Mar. 28, 2014).

26. Defendant, or others acting on its behalf, placed telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or pre-recorded voice.

27. None of Defendant telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

28. Defendant willfully or knowingly violated the TCPA.

## COUNT I
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

29. Plaintiff incorporates Paragraphs 1 through 28.

30. Defendant, or others acting on its behalf, placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without her consent in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. a declaration that Defendant's calls violate the TCPA;

      c.      a permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice; and

      d.      Such other or further relief as the Court deems proper.

## COUNT II
## TELEPHONIC HARASSMENT AND ABUSE FOR UNAUTHORIZED CALLS USING A PRE-RECORDED OR ARTIFICIAL VOICE

31.    Plaintiff incorporates Paragraphs 1 through 28.

32.    Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse by using a pre-recorded or artificial voice in placing repeated telephone calls to Plaintiff's cellular telephone to which Plaintiff had not consented, in violation of 15 U.S.C §1692d. See *Clarke v. Weltman, Wienberg & Reis, Co., L.P.A.*, 2010 U.S. Dist. LEXIS 71344 (S.D. Fla. July 15, 2010)

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.      Damages;

      b.      Attorney's fees, litigation expenses and costs of suit; and

      c.      Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

> DONALD A. YARBROUGH, ESQ.
> Attorney for Plaintiff
> Post Office Box 11842
> Ft. Lauderdale, FL 33339
> Telephone: 954-537-2000

       Facsimile: 954-566-2235
       don@donyarbrough.com


    By: <u>s/ Donald A. Yarbrough</u>
      Donald A. Yarbrough, Esq.
      Florida Bar No. 0158658